# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
BARRY GILBERT

## DEFENDANTS
MDK MOTORSPORTS, LLC, a California Limited Liability Corporation; MARK KVAMME, an individual

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael D. Bruno (SBN: 166805)
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111    Telephone: (415) 986-5900

Attorneys (If Known)

09 595 BZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | **PERSONAL INJURY** | **PERSONAL INJURY** |  |  |  |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability |  | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act |  | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability |  | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  |  | [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
|  |  | **PRISONER** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [x] 442 Employment | **Habeas Corpus:** | **IMMIGRATION** |  | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
| [ ] 290 All Other Real Property |  | [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): F.L.S.A.
Brief description of cause: Failure to pay wages

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: February 10, 2009

SIGNATURE OF ATTORNEY OF RECORD

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| MICHAEL D. BRUNO (SBN: 166805) | |
| MARCIE S. ISOM (SBN: 226906) | |
| GORDON & REES LLP | |
| 275 Battery Street, Suite 2000 | |
| San Francisco, CA 94111 | |
| Telephone: (415) 986-5900 | |
| Facsimile: (415) 986-8054 | |

Attorneys for Plaintiff
BARRY GILBERT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BARRY GILBERT,

    Plaintiff,

vs.

MDK MOTORSPORTS, LLC, a California Limited Liability Corporation; MARK KVAMME, an individual; DOES 1-20, inclusive,

    Defendants.

CASE NO. 0595

**COMPLAINT FOR DAMAGES, AND DEMAND FOR JURY TRIAL**

(1) Breach of Contract
(2) Breach of the Covenant of Good Faith and Fair Dealing
(3) Violations of California Labor Code
(4) Violations of Fair Labor Standards Act
(5) Penalties for Failure to Pay Wages

The Plaintiff, BARRY GILBERT, alleges as follows:

## NATURE OF COMPLAINT

1. This is a complaint by a former employee against his ex-employer for damages arising out of his employer's intentional failure to pay his wages as required by the California Labor Code, the Federal Fair Labor Standards Act, the California Wage Orders and Statutes, and his employment contract. Plaintiff is seeking compensatory damages for unpaid wages, liquidated damages, waiting time penalties under California Labor Code § 203, attorneys' fees and costs pursuant to Labor Code § 218.5, punitive damages, and pre-judgment interest.

-1-
Complaint

## PARTIES

2. Plaintiff sues fictious Defendants Does 1 through 20, inclusive, pursuant to Federal Rules of Civil Procedure Rules 4 and 15 because their true names and/or capacities (whether individual, corporate, associate, or otherwise), and/or facts showing them liable, are not presently known. Unless otherwise indicated, each Defendant is sued as the agent and acting with the full knowledge and consent of the other said co-defendants. Plaintiff will seek leave of the Court to amend this Complaint to show their true names and capacities when those have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of these fictiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiff's injuries herein alleged were proximately caused by the aforementioned Defendants.

3. At all times herein mentioned Defendant, MDK MOTORSPORTS, LLC (hereinafter referred to as "MDK" or "Defendant"), which on information and belief is a California Limited Liability Corporation with its principal offices located at 888 2nd Avenue, Redwood City, California 94063, and has and is actively engaged in business from that location at all times during the Plaintiff's employment with the Defendant.

4. Plaintiff alleges upon information and belief that Defendant MARK KVAMME (hereinafter referred to as "KVAMME" or "Defendant") is, and at all relevant times was an individual residing in San Mateo County, California, an employee of Defendant MDK, and a managing agent and officer of MDK, as the term is defined in Civil Code § 3294. He personally directs MDK's business and himself directed that Plaintiff, who was MDK's CEO, not be paid the wages owed to him. Indeed, KVAMME acknowledged the debt, fraudulently promised to pay the owed wages and then directed that the wages not be paid. KVAMME had no intention of fulfilling this legal duty; he expressed to others that he simply would not pay Plaintiff's wages.

5. Plaintiff, BARRY GILBERT (hereinafter referred to as "Plaintiff"), was employed by MDK and by KVAMME, as a result of the control over MDK that he exercised, from August 27, 2007 through November 14, 2008, as MDK's Chief Executive Officer ("CEO"). At all relevant times, Plaintiff was a resident of Alameda County.

-2-
Complaint

| | |
|---|---|
| 1 | **JURISDICTION AND VENUE** |
| 2 | 6. Jurisdiction of this action is based upon Fair Labor Standards Act, 28 U.S.C. |
| 3 | § § 201, et. seq. and the pendant jurisdiction of this court. The amount in controversy exceeds |
| 4 | $75,000, exclusive of interest and costs. |
| 5 | 7. Venue is proper in this Court because the Defendant is located in the County of |
| 6 | San Mateo and the claim arose in the County of San Mateo. |
| 7 | **GENERAL ALLEGATIONS** |
| 8 | 8. On August 19, 2007, MDK's Managing Member, KVAMME, sent Plaintiff an |
| 9 | employment offer, which Plaintiff accepted. |
| 10 | 9. On or about August 23, 2007, MDK and KVAMME hired Plaintiff to serve as its |
| 11 | CEO. MDK paid Plaintiff an annual salary of $200,000. MDK also granted Plaintiff an option, |
| 12 | which Plaintiff exercised, to purchase 5% shares of MDK's Common Stock. Twenty-five |
| 13 | percent of the option shares vested on August 27, 2008. The remaining shares were to vest in |
| 14 | equal installments over the next 36 months. |
| 15 | 10. Plaintiff's employment contract provides that if MDK terminates Plaintiff's |
| 16 | employment for any reason other than "Cause" or "Permanent Disability" then Plaintiff will be |
| 17 | entitled to the following: (a) payment of Plaintiff's base salary for a period of 24 months |
| 18 | following the termination; (b) payment of Plaintiff's insurance coverage under COBRA; and (c) |
| 19 | the vested percentage of the shares of the stock option will be determined by adding six months |
| 20 | to the actual period of service Plaintiff completed with MDK. |
| 21 | 11. On November 10, 2008, Defendants terminated Plaintiff's employment as part of |
| 22 | a restructuring designed to save money. Plaintiff's employment was not terminated for cause or |
| 23 | on account of disability. Indeed, KVAMME himself informed Plaintiff that Defendants were |
| 24 | ending his employment in order to cut costs. At this time, KVAMME specifically told Plaintiff |
| 25 | that he (KVAMME) would honor Plaintiff's severance agreement. Plaintiff's last day of |
| 26 | employment was November 12, 2008. To date, KVAMME has refused to honor the agreement. |
| 27 | 12. On December 17, 2008, Plaintiff sent KVAMME an email requesting that he |
| 28 | honor the company's employment agreement and pay his severance. KVAMME never |

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1 responded to his request. Despite Plaintiff's numerous attempts to obtain his wages, Defendants
2 have refused to pay him.

### COUNT ONE

*Breach of Contract*

5 13. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-12.

7 14. In August 2007, Plaintiff entered into a written employment agreement with Defendants whereby Defendants agreed that if Defendants terminated Plaintiff's employment for any reason other than "Cause" or "Permanent Disability," they would provide the following: (a) payment of Plaintiff's base salary for a period of twenty-four (24) months following the termination; (b) payment of Plaintiff's insurance coverage under COBRA; and (c) the vested percentage of the shares of the stock option will be determined by adding six months to the actual period of service Plaintiff completed with MDK.

14 15. Plaintiff duly performed all conditions, covenants and promises under the agreement to be performed on his part. Plaintiff has at all times been ready, willing and able to perform all of the conditions of the agreement to be performed by him.

17 16. As a result of the above-described conduct, Defendants breached their agreement with Plaintiff by failing to pay Plaintiff the severance and other wages owed to him.

19 17. As a result of Defendants' breach of contract, Plaintiff has suffered and continues to suffer damages, in the form of lost wages, lost interest, attorney fees and other employment benefits, the exact amount of which will be proven at trial.

### COUNT TWO

*Breach of the Covenant of Good Faith and Fair Dealing*

24 18. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-17.

26 19. Plaintiff and Defendants entered into an employment contract as set forth above.
27 20. Implied in the contract and in their employment relationship were covenants that the parties would deal with each other honestly and in good faith and would not engage in

-4-
Complaint

1   conduct to deprive the other of the benefits of the contract.

2   21.  Defendants, however, have failed to perform their obligations in good faith and
3   fair dealing by failing to pay Plaintiff severance wages.

4   22.  Defendants' conduct is intended to deprive and will deprive Plaintiff from the
5   benefits of the employment agreement.

6   23.  As a result of Defendants' breach of the implied covenant of good faith and fair
7   dealing, Plaintiff has suffered and will continue to suffer monetary damages and irreparable and
8   imminent injury to his reputation.

## COUNT THREE

*Failure to Pay Wages in Violation of the California Labor Code Section 201, et. seq.*

24.  Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-23.

25.  At all relevant times, Plaintiff's employment was subject to California Labor Code § 201 et. seq. and the applicable Wage Order promulgated by the California Industrial Welfare Commission, which requires an employer who discharges an employee to immediately pay all wages due.

26.  Defendants willfully failed to pay Plaintiff the wages owed to him pursuant to his employment contract at the conclusion of his employment, despite Plaintiff's repeated requests to be paid.

27.  By not paying Plaintiff the wages owed to him, Defendants violated Plaintiff's rights under the law, specifically California Labor Code § 201, et. seq.

28.  As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders and California Labor Code, Plaintiff incurred general damages in the form of lost wages in the amount presently believed to be by the Plaintiff to be in excess of $400,000.

29.  Defendants are aware of the existence and requirements of the California Labor Code and willfully, knowingly, and intentionally failed to pay Plaintiff the wages owed to him at the time his employment ended.

30. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorneys' fees and costs pursuant to California Labor Code § 218.5.

## COUNT FOUR

*Violation of the Fair Labor Standards Act*

31. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-30.

32. At all times relevant herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended (the "FLSA") and the Plaintiff was an individual employee covered by virtue of his direct engagement in interstate commerce.

33. Defendants willfully failed to pay Plaintiff the wages owed to him pursuant to his employment contract at the conclusion of his employment, despite Plaintiff's repeated requests to be paid.

34. By not paying Plaintiff the wages owed to him, Defendants violated Plaintiff's rights specifically protected by the FLSA.

35. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff is entitled to liquidated damages and his wages, the combined amount of which presently is believed to be in excess of $800,000.

36. Defendants intentionally, and with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff wages owed to him and thus Defendants are liable to Plaintiff for liquidated damages in an amount, equal to Plaintiff's lost wages.

37. Plaintiff has been required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorneys' fees and costs pursuant to Title 29 U.S.C. § 216(b) of the FLSA.

///

///

///

## COUNT FIVE

*Penalty for Failure to Pay Wages at Termination – Labor Code § 203*

38. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-37.

39. At the time Defendants terminated Plaintiff's employment, Defendant owed Plaintiff an obligation to pay him more than $400,000.

40. Failure to pay wages at an employee's termination subjects the employer to penalties provided in Labor Code § 203, up to 30 days of wages.

41. As of this date, wages have not been paid, thus making Defendants liable to Plaintiff for penalties for thirty (30) days' wages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays judgment against the Defendants and demands as follows:

1. For compensatory damages for unpaid wages in the amount, according to proof, of approximately $400,000;

2. For liquidated damages;

3. For waiting time penalty damages of thirty days' wages, pursuant to California Labor Code § 203;

4. For attorneys' fees and costs pursuant to the California Labor Code and the FLSA;

5. For punitive damages;

6. For prejudgment interest;

7. For costs of suit herein;

8. For such other relief as the Court may deem appropriate.

Dated: February ___, 2009

GORDON & REES LLP

By: _____
MICHAEL D. BRUNO
Attorney for Plaintiff
BARRY GILBERT

-7-
Complaint